NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY WILLIAMS, | Civil Action No. 18-9593 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| GARY M. LANIGAN, et al., | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the amended complaint of Plaintiff Barry Williams. (ECF No. 10). Because this Court has previously granted Plaintiff *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will permit only Plaintiff's First Amendment retaliation claim to proceed against Defendant Patrick at this time, and will dismiss Plaintiff's remaining claims without prejudice.

## I. BACKGROUND

In his amended complaint, Plaintiff takes issue with the actions of several employees of East Jersey State Prison in relation to their enforcement of prison policies which required certain classes of inmates to engage in school programs. The New Jersey Department of Corrections succinctly summarized its education policies in an official memorandum as follows:

> Effective[] July 1, 2014, inmates will be awarded institutional job opportunities, and single cell housing based on participation/enrollment in the facility's education program. Specifically if [a prisoner is] on the Education Waiver List, and [the

> prisoner does] not enroll in school, [the prisoner] will only be eligible for, and assigned to, the lowest paid, wing based job opportunities, and double cell housing assignments. However, if you are on the waiver list, and immediately request to attend school you will be allowed to keep your current job. Scholl and work schedules will be coordinated to allow an inmate to pursue the facility's educational opportunities, and to remain in a desired institutional job.
>
> Additionally, any inmate on the waiver list who does not voluntarily enroll in school shall not be eligible for any incentive programs. This directive will not affect any inmate who has a high school diploma, GED, or is currently enrolled in school.

(ECF No. 1-1 at 12). Plaintiff also alleges that that there is a second policy which makes the education requirement mandatory for those inmates who have a sentence of less than ten years' imprisonment. (ECF No. 1 at 12).

In his amended complaint, Plaintiff takes issue with the actions of three specific employees of East Jersey State Prison taken in response to Plaintiff's attempts to fight the application of these policies to him. First, Plaintiff claims that the head of East Jersey's education department, Dianne Patrick, threatened him with disciplinary sanctions in retaliation for his withdrawal from and refusal to participate in classes. Specifically, Plaintiff alleges that Patrick threatened him with disciplinary actions in May 2015, and that she thereafter again threatened Plaintiff with allegedly improper disciplinary charges. (ECF No. 10 at 7). Plaintiff thereafter alleges that in October 24, 2016, Patrick threatened to have Plaintiff's law library privileges revoked "if [he] did not resign up for the school program." (*Id.* at 13). Plaintiff also asserts that Karyn Parker Foreman, the Inmate Remedy Coordinator at the prison wronged him by "perjuring" herself in March 2016 during one of Plaintiff's administrative appeals by submitting a certification in which she alleged that there was no record of Plaintiff having filed an administrative remedy related to his challenge to the mandatory education policies. (*Id.* at 9–10). Finally, Plaintiff claims that the head of the

prison's food service department, Mr. Reavis, "threatened" him with retaliation in October 2016 by informing him that he could not receive a job in the prison kitchen unless he re-enrolled in the school program pursuant to the policy quoted above. (*Id.* at 11–12).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff seeks to bring a claim against three prison officials based on alleged violations of his constitutional rights arising out of East Jersey State Prison's education policies. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In this matter, Plaintiff attempts to raise the following claims – a claim that Defendant Parker Foreman denied him his rights by committing "perjury" in relation to his administrative appeal, and claims for First Amendment retaliation against Defendants Reavis and Patrick.

Turning first to the claim against Defendant Parker Foreman, Plaintiff asserts that she violated his rights by allegedly committing perjury in asserting that she could find no remedy form in regard to his administrative appeal. However, the making of a false statement by a prison official against a prisoner—up to and including the filing of a false disciplinary charge—is not

4

itself a constitutional violation sufficient to support § 1983 liability. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (even false disciplinary charges do not violate prisoner's rights absent a denial of Due Process or a violation of some other clear constitutional rights). Here, Plaintiff does not allege that he suffered a violation of Due Process as a result of the alleged perjury—instead it appears that the motion to dismiss his appeal based on the alleged perjury was denied and Plaintiff suffered no harm as a result. Plaintiff has therefore failed to allege facts sufficient to state a claim for relief under § 1983 based on the alleged perjury of Defendant Parker Foreman. Plaintiff's claim against her shall therefore be dismissed without prejudice.

As to the remaining Defendants, Plaintiff seeks to raise claims for First Amendment Retaliation. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). "The key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Thomas*, 463 F.3d at 296 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)).

In regard to Defendant Patrick, Petitioner has alleged that she has threatened him with disciplinary sanctions in response to his decision to withdraw from the education program, and has on at least one occasion threatened Petitioner's access to the law library, and, in turn, the courts. Petitioner has thus alleged that Patrick has engaged in activity which would, at least arguably, deter the ordinary prisoner from continuing in his course. As Petitioner has also alleged a

retaliatory motive on Patrick's part and that these threats came in response to his filing of the withdrawal paperwork and later grievance forms, Petitioner's claim against Patrick is sufficiently pled to survive this Court's *sua sponte* screening. *Thomas*, 463 F.3d at 296.

Although this Court will therefore permit Plaintiff's claims against Defendant Patrick to proceed at this time,[2] Plaintiff's claim against Defendant Reavis fails to set forth a cognizable claim for relief. Specifically, Plaintiff asserts only that Reavis called him into his office and informed Plaintiff of the terms of the already applicable policy—that Plaintiff would not be entitled to a kitchen job if he didn't sign back up for education programs. That action—informing Plaintiff of the applicable policy—is patently insufficient to deter a person of ordinary firmness from exercising his First Amendment rights, especially in light of the fact that the prisoners in East Jersey had already been put on notice of this policy when the policy was announced and reiterated in memoranda issued by the head of the New Jersey Department of Corrections in 2014 and 2016. Plaintiff's claim against Reavis therefore fails to state a cognizable claim for relief and must be dismissed as a result.[3]

---

[2] The Court notes that one of the allegations against Patrick may be subject to § 1983's two year statute of limitations in New Jersey as it occurred in May 2015. Because Plaintiff appears to be alleging that Patrick continually made such threats and that at least one of those incidents occurred in October 26, 2016, at least some parts of Plaintiff's retaliation claims against Patrick are not time barred. This Court therefore need not and does not address the statute of limitations issue at this time.

[3] Plaintiff also briefly asserts that Reavis interfered with his inmate remedy system complaint about his "threat." Because Prisoner's have no right to an inmate grievance system nor a right to have his complaints heard via such a system, however, the alleged interference in Plaintiff's grievance filing is insufficient to state a cognizable claim for relief under § 1983. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n.4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state").

### III. CONCLUSION

For the reasons stated above, Plaintiff's First Amendment retaliation claim shall proceed against Defendant Patrick only at this time, and Plaintiff's remaining claims shall be dismissed without prejudice. An appropriate Order follows this Opinion.

Dated: October 29th, 2018.

JOSE L. LINARES
Chief Judge, United States District Court