<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARRY WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIANE PATRICK,<br><br>　　　　　　Defendant. | Case No. 2:18-cv-9593 (BRM) (JAD)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　Plaintiff, Barry Williams ("Plaintiff" or "Williams") is proceeding with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF No. 10.) Presently pending before this Court is the sole remaining Defendant in this action, Diane Patrick's motion to dismiss the amended complaint pursuant to Federal of Civil Procedure 12(b)(6). For the following reasons, the amended complaint is dismissed without prejudice. Plaintiff shall have one final opportunity to file a second amended complaint correcting the deficiencies outlined in this opinion (should such be possible) should he elect to do so.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

　　Plaintiff filed his initial *pro se* complaint in May 2018. (*See* ECF 1.) On October 1, 2018, Plaintiff filed an amended complaint. (*See* ECF 10.) On October 29, 2018, Plaintiff's amended complaint was screened. (*See* ECF 12 & 13.) The allegations of the amended complaint were described as follows:

In his amended complaint, Plaintiff takes issue with the actions of several employees of East Jersey State Prison in relation to their enforcement of prison policies which required certain classes of inmates to engage in school programs. The New Jersey Department of Corrections succinctly summarized its education policies in an official memorandum as follows:

> Effective[] July 1, 2014, inmates will be awarded institutional job opportunities, and single cell housing based on participation/enrollment in the facility's education program. Specifically if [a prisoner is] on the Education Waiver List, and [the prisoner does] not enroll in school, [the prisoner] will only be eligible for, and assigned to, the lowest paid, wing based job opportunities, and double cell housing assignments. However, if you are on the waiver list, and immediately request to attend school you will be allowed to keep your current job. Scho[o]l and work schedules will be coordinated to allow an inmate to pursue the facility's educational opportunities, and to remain in a desired institutional job.
>
> Additionally, any inmate on the waiver list who does not voluntarily enroll in school shall not be eligible for any incentive programs. This directive will not affect any inmate who has a high school diploma, GED, or is currently enrolled in school.

(ECF No. 1-1 at 12). Plaintiff also alleges that that there is a second policy which makes the education requirement mandatory for those inmates who have a sentence of less than ten years' imprisonment. (ECF No. 1 at 12).

In his amended complaint, Plaintiff takes issue with the actions of three specific employees of East Jersey State Prison taken in response to Plaintiff's attempts to fight the application of these policies to him. First, Plaintiff claims that the head of East Jersey's education department, Dianne Patrick, threatened him with disciplinary sanctions in retaliation for his withdrawal from and refusal to participate in classes. Specifically, Plaintiff alleges that Patrick threatened him with disciplinary actions in May 2015, and that she thereafter again threatened Plaintiff with allegedly improper disciplinary charges. (ECF No. 10 at 7). Plaintiff thereafter alleges that in October 24, 2016, Patrick threatened to have Plaintiff's law library privileges revoked "if [he] did not resign up for the school

> program." (*Id.* at 13). Plaintiff also asserts that Karyn Parker Foreman, the Inmate Remedy Coordinator at the prison wronged him by "perjuring" herself in March 2016 during one of Plaintiff's administrative appeals by submitting a certification in which she alleged that there was no record of Plaintiff having filed an administrative remedy related to his challenge to the mandatory education policies. (*Id.* at 9–10). Finally, Plaintiff claims that the head of the prison's food service department, Mr. Reavis, "threatened" him with retaliation in October 2016 by informing him that he could not receive a job in the prison kitchen unless he re-enrolled in the school program pursuant to the policy quoted above. (*Id.* at 11–12).

*Williams v. Lanigan*, No. 18-9593, 2018 WL 5630762, at *1 (D.N.J. Oct. 29, 2018). The only Defendant and claim to make it past screening was Plaintiff's claim for retaliation against Patrick. The Court stated as follows with respect to Defendant Patrick:

> In regard to Defendant Patrick, Petitioner has alleged that she has threatened him with disciplinary sanctions in response to his decision to withdraw from the education program, and has on at least one occasion threatened Petitioner's access to the law library, and, in turn, the courts. Petitioner has thus alleged that Patrick has engaged in activity which would, at least arguably, deter the ordinary prisoner from continuing in his course. As Petitioner has also alleged a retaliatory motive on Patrick's part and that these threats came in response to his filing of the withdrawal paperwork and later grievance forms, Petitioner's claim against Patrick is sufficiently pled to survive this Court's *sua sponte* screening. *Thomas*, 463 F.3d at 296.

*Williams*, 2018 WL 5630762, at *3.

After screening, *pro bono* counsel was appointed to represent Plaintiff. (*See* ECF No. 30.)

In May 2020, Defendant Patrick filed a motion to dismiss. (*See* ECF No. 53.) Patrick first argues Plaintiff's retaliation claim against her should be dismissed to the extent he seeks to sue her in her official capacity. Second, Patrick asserts the retaliation claim should be dismissed because Plaintiff fails to allege facts of her personal involvement and does not allege a constitutionally protected right. Plaintiff filed a response in opposition to the motion to dismiss. (*See* ECF No. 56.)

Plaintiff expressly admits he is not suing Patrick in her official capacity. (*See* ECF No. 56 at 5.) Additionally, he asserts the law of the case dictates the motion to dismiss should be denied given this Court previously permitted Plaintiff's retaliation claim to proceed past screening. Finally, he asserts the allegations of the amended complaint sufficiently state a retaliation claim against Patrick. Thereafter, Patrick filed a reply brief in support of her motion to dismiss. (*See* ECF No. 57.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual

4

enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan v. Allian*, 478 U.S. 265, 286 (1986).

A court conducts a three-part analysis in analyzing a motion to dismiss pursuant to Rule 12(b)(6). *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* Additionally, it is worth noting that "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

**III.    DISCUSSION**

**A. Official Capacity**

Patrick first argues official capacity claims against her must be dismissed. However, Plaintiff, admittedly, is not pursuing official capacity claims against Patrick. Therefore, Patrick's arguments on this point need not be analyzed as there are no official capacity claims against her in the amended complaint.

**B. Law of the Case**

Before reaching the merits of Patrick's arguments related to whether Plaintiff has sufficiently stated a retaliation claim, Plaintiff argues this Court is precluded from doing so pursuant to the law of the case. More specifically, Plaintiff asserts this Court cannot revisit the issue of whether Plaintiff has sufficiently stated a claim because it already did so in its screening opinion. However, as one court in this District has aptly noted, "The right of a defendant to bring a motion to dismiss for failure to state a claim, however, is not foreclosed by a district court's prior finding, during *sua sponte* screening of a civil action filed by an *in forma pauperis* prisoner, that the prisoner stated a claim."[1] *Paladino v. Newsome*, No. 12-2021, 2013 WL 3270987, at *4 (D.N.J.

---

[1] As another court in this District has more expressly explained:

> "[L]aw of the case is an amorphous concept." *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.* The law-of-the-case doctrine expresses the practice of courts generally to refuse to reopen what has been decided. *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S. Ct. 739, 56 L. Ed. 1152 (1912). "The doctrine is designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Philadelphia Litig.,* 158 F.3d 711, 717–18 (3d Cir. 1998). Although generally reluctant to do so, courts in their discretion retain the power to reconsider questions of law that have already been decided in the same proceeding. *Christianson v. Colt Industries Operating Corp.,*

June 27, 2013) (citing *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007)) *on reconsideration in part*, 2013 WL 5161144 (D.N.J. Sept. 12, 2013), *aff'd*, 885 F.3d 203 (3d Cir. 2018). Accordingly, this Court will analyze whether Plaintiff has sufficiently alleged a retaliation claim in his amended complaint.

---

486 U.S. 800, 817, 108 S. Ct. 2166, 100 L.Ed.2d 811 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."). *See also* Fed. R. Civ. P. 54(b) (providing that until the court expressly directs entry of a final judgment an order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona,* 460 U.S. at 618. Under the doctrine, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Id.* at 619. n. 8. Although the court may reconsider its prior rulings, when doing so it must explain on the record the reasoning behind its decision to reconsider the prior ruling and it must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling. *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997).

We reject Davila's assertion that the law-of-the-case doctrine bars the currently pending motions to dismiss. First, that some claims were not dismissed on the initial screening, does not necessarily mean that the complaint states claims upon which relief can be granted. Often, it will not become apparent until briefing of an issue whether the complaint states a claim upon which relief can be granted, and it is open to the defendants to file a motion to dismiss and provide briefing.

*Davila v. Pennsylvania*, No. 11-01092, 2014 WL 1321331, at *6–7 (M.D. Pa. Feb. 28, 2014), *report and recommendation adopted in part, rejected in part on other grounds,* No. 11-1092, 2014 WL 1321010 (M.D. Pa. Mar. 28, 2014).

7

### C. Retaliation

Patrick argues Plaintiff's allegations in his amended complaint fail to sufficiently state a claim of retaliation against her. The Court agrees. This Court aptly set forth the standard to bring a retaliation claim in the screening opinion; specifically:

> "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). "The key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Thomas*, 463 F.3d at 296 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)).

*Williams*, 2018 WL 5630762, at *3.

Plaintiff's amended complaint fails to state a retaliation claim as Plaintiff has not sufficiently alleged an adverse action. The personal involvement of Patrick purportedly giving rise to Plaintiff's retaliation claim is she threatened him with disciplinary sanctions because he withdrew from the prison programs. These mere threats, without more, do not sufficiently state an adverse action necessary to sustain a claim for retaliation. *See Burgos v. Canino*, 358 F. App'x 302, 306 (3d Cir. 2009) (citing *Maclean v. Secor*, 876 F. Supp. 695, 699 (E.D. Pa. 1995)); *Burns v. Erie Cty. Prison*, No. 19-196, 2019 WL 5942739, at *3 (W.D. Pa. Sept. 3, 2019) (citing *Mears v. Kauffman*, 2018 WL 3585081, at *5 (M.D. Pa. July 26, 2018); *Cash v. Dohman*, 2018 WL 1531681, at *2 (E.D. Pa. Mar. 29, 2018)) (noting verbal threats alone do not constitute adverse action and this is equally true of retaliatory disciplinary threats), *report and recommendation adopted by*, 2019 WL 5538137 (W.D. Pa. Oct. 25, 2019). Accordingly, Patrick's motion to dismiss is granted.

## IV. CONCLUSION

For the foregoing reasons, Patrick's motion to dismiss is granted. The complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days from the date of this opinion and order in which to file a proposed second amended complaint correcting the deficiencies noted herein (if such is possible) should he elect to do so.


DATED: December 30, 2020                                 */s/Brian R. Martinotti*
                                                         **BRIAN R. MARTINOTTI**
                                                         **UNITED STATES DISTRICT JUDGE**