**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BARRY WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 18-9593 (BRM) (ESK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DIANE PATRICK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Plaintiff Barry Williams ("Plaintiff") is proceeding with a counseled second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 65 ("Second Amended Complaint.")) Presently pending before the Court is the sole remaining Defendant in this action, Diane Patrick's ("Defendant") Motion to Dismiss the Second Amended Complaint pursuant to Federal Civil Procedure 12(b)(6). (ECF No. 68.) Plaintiff filed his opposition to Defendant's motion (ECF No. 77.) and Defendant filed a reply (ECF No. 80.) Having reviewed the parties' submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall have one final opportunity to file a third amended complaint correcting the deficiencies outline in this opinion (should such be possible) should he elect to do so.

I.    **BACKGROUND**[1]

Plaintiff filed his initial *pro se* complaint in May 2018. (*See* ECF No. 1.) On October 1, 2018, Plaintiff filed an amended complaint. (*See* ECF No. 10.) On October 29, 2018, the Court screened Plaintiff's amended complaint and proceeded only Plaintiff's retaliation claim against Defendant. (ECF Nos. 12 & 13.) Following screening, pro bono counsel was appointed to represent Plaintiff. (*See* ECF No. 30.)

In May 2020, Defendant filed a motion to dismiss, arguing Plaintiff failed to allege facts of Defendant's personal involvement and Plaintiff failed to allege a constitutionally protected right. (*See* ECF No. 53.) On December 30, 2020, the Court granted Defendant's motion to dismiss, finding Plaintiff failed to state an adverse action necessary to sustain a claim for retaliation. (ECF No. 58.) The Court granted Plaintiff leave to file a second amended complaint correcting the deficiencies noted.

On May 14, 2021, Plaintiff filed the instant counseled Second Amended Complaint.[2] (ECF No. 65.) In addition to his previously raised retaliation claim, Plaintiff raises two "discrimination" claims in violation of N.J. Stat. Ann. §10:6-2 and in violation of 42 U.S.C. § 1983. (*See id.*) In his Second Amended Complaint, Plaintiff alleges Defendant discriminated and retaliated against Plaintiff because he withdrew from the prison educational program.

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] This Opinion relies on the facts and allegations set forth in the Second Amended Complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted).

Plaintiff submits that, in 2015, he was housed at East Jersey State Prison ("EJSP") and Defendant was the Director of the education program at EJSP. (ECF No. 65 ¶¶ 5-6.) In April 2015, Defendant directed Plaintiff to participate in the education program and advised him that he would subject to disciplinary action if he failed to participate. (*Id.*, ¶ 7.) On or about April 16, 2015, Plaintiff contacted the Assistant Ombudsman "regarding the necessity of his participation in the education program." (*Id.* ¶ 8.) On or about April 27, 2015, the Assistant Ombudsman informed Plaintiff that Defendant "does not accept school waivers" and that "[r]efusal of a program assignment may result in disciplinary action." (*Id.* ¶ 9.) Plaintiff filed a grievance form asserting that he did not wish to enroll in the education program, and Defendant told Plaintiff he could not refuse to participate, and any refusal would result in disciplinary action. (*Id.*, ¶¶ 11,13.)

Plaintiff submits that under the New Jersey Department of Corrections ("NJDOC") Inmate Handbook, inmates are invited to participate in the education program, not required to. (*Id.* ¶¶ 14-18.) On July 11, 2016, Plaintiff elected to withdraw from the education program and Defendant signed Plaintiff's School Waiver or Request to Withdraw form in her capacity as director of the EJSP education program. (*Id.* ¶¶ 20-22.) On October 13, 2016, the supervisor of the law library at EJSP informed Plaintiff that if he did not sign up for the education program, Plaintiff would lose law library privileges. (*Id.* ¶ 23.) On October 24, 2016, Plaintiff submitted a NJDOC Inmate Inquiry form "regarding any potential loss of law library privileges as a result of withdrawing from the education program" and "Defendant signed the NJDOC Inmate Inquire form in her capacity as 'staff receiving request' and noted that '[t]he administration determined the criteria for privileges.'" (*Id.* ¶¶ 24-25.) Plaintiff alleges that on October 26, 2016, Defendant revoked Plaintiff's law library privileges as a result of his withdraw from the education program. (*Id.* ¶ 27.)

Plaintiff submits in 2017 he was ordered to be transferred to Bayside State Prison as a result of his withdraw from the education program. (*Id.* ¶ 28.)

On June 28, 2021, Defendant filed the instant Motion to Dismiss. (ECF No. 68.) Defendant first argues Plaintiff's claims against her should be dismissed to the extent he seeks to sue her in her official capacity. Plaintiff's second argument is Plaintiff's discrimination and retaliation claims should be dismissed because he does not allege a constitutionally protected right and he fails to allege facts of her personal involvement. (*See id.*)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

4

liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement."" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   DECISION

### A.  Official Capacity

Defendant first argues any official capacity claim against her must be dismissed. However, Plaintiff's counseled Second Amended Complaint does not assert official capacity claims against Defendant. The Court's previous opinion granting Defendant's first motion to dismiss addressed the fact that Plaintiff had not raised an official capacity claim in his first amended complaint. (*See* ECF No. 58 at 6.) Plaintiff again chose not to raise an official capacity claim in his counseled Second Amended Petition; therefore, the Court need not analyze Defendant's official capacity arguments here.

### B. Retaliation

Plaintiff raises a retaliation claim, arguing Defendant "revoked Plaintiff's law library privileges to deter Plaintiff from exercising his constitutional right to withdraw from the education program." (ECF No. 65, ¶ 52.) Plaintiff alleges, "Defendant's retaliatory actions were sufficient to deter a person of ordinary firmness from exercising his constitutional right to withdraw from the education program." (*Id.*, ¶ 53.) Plaintiff's counseled Second Amended Complaint fails to state a retaliation claim on which relief can be granted.

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

At the pleading stage, Rule 8 requires a "short plain statement" of facts, not legal conclusions, "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court held that, pertaining to Rule 12(b)(6)'s standard of review, a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

To state a retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." *Id.* (quoting *Suppon v. Dadonna*, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." *Rauser*, 241 F.3d at 333-34 (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant argues, and the Court agrees, that Plaintiff's retaliation claim must be dismissed because Plaintiff fails to state facts to show he was engaged in a constitutionally protected activity. (ECF No. 68 at 24.) Plaintiff fails to provide any facts to show that his refusal to participate in the education program is a protected activity for the purposes of a retaliation claim. Plaintiff does not submit any argument from which the Court could otherwise construe a constitutional right to refuse to participate in the education program. Plaintiff has not pled enough facts for the Court to construe a claim that he was deprived of a right secured by the Constitution or law of the United States. *See West*, 487 U.S. at 48; *see also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . . Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (citations and internal quotation marks omitted). Plaintiff has not sufficiently pled, pursuant to *Iqbal*, factual allegations which plausibly

support his claim of constitutional violations, and as such, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

### C. Discrimination

Plaintiff's Second Amended Complaint raises a "Discrimination in Violation of 42 U.S.C. § 1983" claim. (ECF No. 65, at 5.) Plaintiff's claim does not submit any allegations regarding discrimination, rather, Plaintiff reiterates his retaliation allegations. Plaintiff states, "Defendant threatened Plaintiff with disciplinary action if Plaintiff did not sign up for the education program," and "Defendant's threats resulted in disciplinary action revoking Plaintiff's law library privileges and transferring Plaintiff to a different facility." (*Id.* ¶¶ 40-41.)

As Plaintiff appears to simply reiterate his retaliation claim under a "discrimination" claim, Defendant argues that this claim should be dismissed along with the retaliation claim. The Court agrees. As explained above, to state a claim under § 1983, "plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West*, 487 U.S. at 48. There is not an umbrella § 1983 discrimination claim. Plaintiff's counseled Second Amended Complaint fails to adequately set forth a claim asserting which constitutional right was violated through discrimination. The Court is unable to construe what claim Plaintiff is attempting to make. Plaintiff has not sufficiently pled, pursuant to *Iqbal*, factual allegations which plausibly support his claim of constitutional violations, and as such, Plaintiff's discrimination claim will be dismissed for failure to state a claim upon which relief may be granted. Accordingly, Defendant's Motion to Dismiss is granted.

Plaintiff also raises bring state law claim under New Jersey Civil Rights Act against Defendant. When a court has dismissed all claims over which it had original federal-question jurisdiction, however, it has the discretion to decline to exercise supplemental jurisdiction over the

remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed against Defendant for failure to state a claim upon which relief may be granted, this Court will exercise its discretion to decline supplemental jurisdiction over Plaintiff's state law claim.

IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. The Second Amended Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days from the date of this opinion and order in which to file a proposed third amended complaint correcting the deficiencies noted herein (if such is possible) should he elect to do so.

Dated: November 24, 2021

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE